NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000742
17-NOV-2017
02:07 PM

NO. CAAP-15-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WELLS FARGO BANK, N.A.,
Plaintiff-Appellee,
v.
THEODORICO ERUM, JR.,
Defendant-Appellant,
and
COUNTY OF KAUA'I; STATE OF HAWAII - DEPARTMENT OF TAXATION;
CHILD SUPPORT ENFORCEMENT AGENCY - KAUA'I BRANCH; KOLOA
MARKETPLACE, LLC; KAUAI CREDIT ADJUSTERS LIMITED,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0288)

ORDER GRANTING INTERVENOR ROBERT ROSEN'S MOTION (1) FOR
RECONSIDERATION OF SUMMARY DISPOSITION ORDER FILED
SEPTEMBER 5, 2017 AND (2) TO DISMISS THE APPEAL AS MOOT
(By: Reifurth, Presiding Judge, Chan and Nakasone, JJ.)

Upon consideration of Intervenor Robert Rosen's Motion
(1) for Reconsideration of Summary Disposition Order Filed
September 5, 2017 and (2) to Dismiss the Appeal as Moot, filed on
September 14, 2017 (Motion) and the attachments thereto,
Defendant-Appellant's Response to Robert Rosen's Motions, filed
on November 9, 2017, and the records and files herein, it appears
as follows:

In the underlying case, Plaintiff-Appellee Wells Fargo Bank, N.A. (Wells Fargo) initiated foreclosure proceedings against Defendant-Appellant Erum (Erum). On September 15, 2015, the circuit court entered its "Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment Against All Parties and for Interlocutory Decree of Foreclosure Filed March 25, 2014" in favor of Wells Fargo. Erum appealed and, on September 5, 2017, this court entered its Summary Disposition Order vacating the judgment on the basis that Wells Fargo had failed to meet its burden of proof that all conditions precedent to foreclosure were satisfied under Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017).

On June 30, 2017, the circuit court entered its "Order Granting Plaintiff's Motion to Confirm Sale After Reopening the Auction, to Determine Priority of Liens, Approve Fees and Costs, for Order to Close the Confirmed Auction or Reopening Auction Bid; and for Writ of Ejectment Filed February 3, 2017" (Order Confirming Sale). That order, however, was not included in the record on appeal before this court when we issued our Summary Disposition Order.

Following the issuance of our Summary Disposition Order, Robert Rosen (Rosen) moved to intervene in order to file a motion to dismiss and request judicial notice of a Commissioner's Deed, recorded on August 3, 2017, in the Bureau of Conveyances. We ordered that the record on appeal be supplemented to include any orders issued by the circuit court since the appeal was taken, and invited responses from the parties to Rosen's Motion. After review of the record as supplemented, we granted Rosen's motion to intervene, and after consideration of the Motion and the responses received, we conclude as follows.

In the instant Motion, Rosen contends that the appeal is moot because vacating the Order Confirming Sale cannot reverse the transfer of title due to the recordation of the Commissioner's Deed on August 3, 2017 in the Bureau of Conveyances.

The issue of mootness calls into question this court's jurisdiction over the appeal. It is well settled in Hawai'i that

> [a] case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where "events . . . have so affected the relations between the parties that the two conditions for justiciability relevant on appeal -- adverse interest and effective remedy -- have been compromised."

Okada Trucking Co. v. Bd. of Water Supply, 99 Hawai'i 191, 195-96, 53 P.3d 799, 803-04 (2002) (citation and block quote format omitted). "Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so." Wong v. Bd. of Regents, Univ. Of Hawai'i, 62 Haw. 391, 395, 616 P.2d 201, 204 (1980).

> "A party who wishes to stay an order confirming a foreclosure sale pending appeal must post a supersedeas bond or otherwise obtain a stay pursuant to [Hawai'i Rules of Civil Procedure] Rule 62 or [Hawai'i Rules of Appellate Procedure] Rule 8. If a stay is not obtained and the property is sold to a bona fide purchaser, the appeal should be dismissed as moot because no effective relief can be granted."

Bank of New York Mellon v. R. Onaga, Inc., 140 Hawai'i 358, 370, 400 P.3d 559, 570 (2017). In the instant case, Erum failed to post a supersedeas bond or otherwise obtain a stay, and Rosen lawfully purchased the property in good faith.

Therefore, IT IS HEREBY ORDERED that the Motion is granted. The Summary Disposition Order filed on September 5, 2017 is vacated and the appeal is dismissed as moot.

DATED: Honolulu, Hawai'i, November 17, 2017.

Presiding Judge

Associate Judge

Associate Judge

3